UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Jeffrey M. Gray

    v.                               Case No. 20-cv-153-JL

Northern New Hampshire
Correctional Facility
Sgt. Joey L. Pellitier et al.[1]

**REPORT AND RECOMMENDATION**

Plaintiff, Jeffrey Gray, while he was incarcerated at the New Hampshire State Prison, filed a pro se complaint pursuant to 42 U.S.C. § 1983 against three officers at the Northern New Hampshire Correctional Facility ("NCF"). Mr. Gray alleges that the defendants violated his First Amendment right to access the courts by confiscating his legal materials. The complaint is before the undersigned magistrate judge for preliminary review, pursuant to 28 U.S.C. § 1915A(a) and LR 4.3(d)(1).

**Background**

On November 30, 2017, NCF Sgt. Joey L. Pellitier, NCF Corrections Officer ("CO") Thomas F. Macholl, and NCF CO Kathleen M. Duchesne confiscated all of Mr. Gray's legal

---

[1]The defendants identified in the complaint are: Northern New Hampshire Correctional Facility ("NCF") Sgt. Joey L. Pellitier and NCF Corrections Officers Thomas F. Macholl and Kathleen M. Duchesne.

1

property.  One of the items confiscated was an appellate brief in a state court case, Gray v. Bleeker, No. 2017-0212 (N.H.), which Mr. Gray was litigating on behalf of himself and his business.  Mr. Gray asserts that the brief, which was ready to mail, was due at the New Hampshire Supreme Court ("NHSC") on December 1, 2017.  Because Mr. Gray did not file a timely brief, the NHSC dismissed his appeal on December 29, 2017, and denied his motion to reconsider the dismissal on February 9, 2018.  Mr. Gray alleges that the dismissal of that case caused injury to his business.

**Preliminary Review Standard**

The court conducts a preliminary review of prisoner complaints filed by inmates seeking relief from government employees or entities.  See 28 U.S.C. § 1915A(a); LR 4.3(d)(1).  Claims may be dismissed if the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915A(b); LR 4.3(d)(1)(A).  In considering whether the complaint states a claim, the court determines whether, stripped of legal conclusions, and with all reasonable inferences construed in the plaintiff's favor, the complaint contains "sufficient factual matter, accepted as true, to state a claim

to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

**Discussion**

It is well "established . . . that prisoners have a constitutional right of access to the courts." Bounds v. Smith, 430 U.S. 817, 821 (1977). However, "[t]he right of access to the courts, in the context of prisoners, is addressed only to a prisoner's right to attack his conviction and his right to challenge the conditions of his confinement." Riva v. Brasseur, No. 15-2554, 2016 WL 9650983, at *1, 2016 U.S. App. LEXIS 23932, at *3 (1st Cir. Sep. 12, 2016). "'Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.'" Id. (quoting Lewis v. Casey, 518 U.S. 343, 355 (1996) (emphasis in original)).

Here, Mr. Gray alleges that the defendants interfered with his ability to litigate a lawsuit concerning his business. That lawsuit challenged neither his criminal conviction nor the conditions of his confinement. Mr. Gray, therefore, cannot state a constitutional claim for denial of access to the courts based on the defendants' alleged interference with that lawsuit. Accordingly, the district judge should dismiss the complaint in its entirety.

**Conclusion**

For the foregoing reasons, the district judge should dismiss Mr. Gray's complaint (Doc. No. 1) in its entirety for failure to state a claim upon which relief may be granted. Any objection to this Report and Recommendation must be filed within 14 days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The 14-day period may be extended upon motion. Failure to file a specific written objection to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

June 24, 2021

cc: Jeffrey M. Gray, pro se